**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4261**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNIE LYNN HAINES,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert E. Maxwell, Senior District Judge. (CR-01-18)

─────────────

Submitted: October 26, 2005          Decided: January 4, 2006

─────────────

Before LUTTIG, KING, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Barron M. Helgoe, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Johnie Lynn Haines pled guilty, pursuant to a written plea agreement, to one count of aiding and abetting the distribution of crack cocaine. She was sentenced in June 2003 to three years probation. The district court revoked Haines' probation in March 2004 and sentenced her to 24 months imprisonment. Haines' attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether there are any meritorious issues for appeal. Counsel has also filed a supplemental brief challenging Haines' sentence under United States v. Booker, 125 S. Ct. 738 (2005). Although informed of her right to file a pro se supplemental brief, Haines has not done so.

This court has identified two types of Booker error: a violation of the Sixth Amendment, and a failure to treat the sentencing guidelines as advisory. United States v. Hughes, 401 F.3d 540, 552 (4th Cir. 2005). A Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756. Because Haines did not raise a Sixth Amendment challenge or object to the mandatory application of the guidelines in the district court, review is for plain error. Hughes, 401 F.3d at 547. To demonstrate plain error, an appellant must establish that an error occurred, that it was plain, and that it affected his substantial rights. United

States v. Olano, 507 U.S. 725, 731-32 (1993); Hughes, 401 F.3d at 547-48. If an appellant meets these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Hughes, 401 F.3d at 555 (internal quotation marks and citation omitted). Because Haines' sentence was not enhanced based on any controverted fact, there was no Sixth Amendment violation.

To the extent that she challenges the district court's application of the sentencing guidelines as mandatory, we also find no error. To establish plain error, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." United States v. White, 405 F.3d 208, 224 (4th Cir. 2005). In White, we determined that "the record as whole provide[d] no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed,'" id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)). Thus, we concluded that the error did not affect White's substantial rights and affirmed the sentence. Id. at 225; see also United States v. Collins, 412 F.3d 515, 524-25 (4th Cir. 2005)

(finding that defendant failed to demonstrate prejudice from being sentenced under mandatory sentencing guidelines).

Likewise, the record provides no nonspeculative basis suggesting that the district court would have sentenced Haines differently had the guidelines been advisory instead of mandatory. Indeed, the court had the discretion to modify or extend her period of probation or to revoke probation and impose a term of imprisonment. The court chose the latter option after summarizing Haines' failure to comply with the terms of her probation.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>